UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TAYLOR ANGELL,

                              Plaintiff,

v.                                          9:24-CV-1592 (AMN/PJE)

ETHAN SCHMID, ROBERT
MANTZOURATOS,

                              Defendants.

---

**APPEARANCES:**                           **OF COUNSEL:**

**TAYLOR ANGELL**
44751-509
McKean Federal Correction Institution
Inmate Mail/Parcels
P.O. Box 8000
Bradford, PA 16701
*Plaintiff pro se*

**HANCOCK ESTABROOK, LLP**                 **FRANK W. MILLER ESQ.**
1800 AXA Tower I
100 Madison Avenue
Syracuse, NY 13202
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

On December 30, 2024, plaintiff *pro se* Taylor Angell ("Plaintiff"), who was at all relevant times incarcerated in the Delaware County Jail in Delhi, New York and who is currently confined in Federal Correction Institution McKean in Bradford, Pennsylvania, commenced this action

1

pursuant to 42 U.S.C. § 1983 against John Does 1-10 and Jane Does 1-10. See Dkt. No. 1 at ¶ 4.[1] Plaintiff sought and was granted leave to proceed *in forma pauperis*. Dkt. Nos. 4, 7. On March 3, 2025, the Court, on initial review pursuant to 28 U.S.C. § 1915, dismissed all of Plaintiff's claims with leave to amend. Dkt. No. 7 at 6-14.

On March 28, 2025, Plaintiff filed a motion for extension of time, which was granted on March 31, 2025. Dkt Nos. 9-10. On April 15, 2025, Plaintiff filed an Amended Complaint ("Amended Complaint") naming Ethan Schmid and Robert Mantzouratos ("Defendants") as Defendants, Dkt. No. 11 at ¶ 4, which was accepted on May 22, 2025, *see* Dkt. Nos. 11, 14. Based on the Amended Complaint, the Court found that Plaintiff's claims against Defendants for excessive force and deliberate medical indifference relating to an alleged incident on November 29, 2023 required a response. Dkt. No. 14 at 7.

On August 15, 2025, Defendants filed a pre-answer motion for summary judgment ("Motion") seeking to dismiss the Plaintiff's remaining claims for failure to exhaust administrative remedies. Dkt. No. 19-1 at 4. Plaintiff responded on October 9, 2025, Dkt. No. 26, and Defendants replied on October 17, 2025, Dkt. No. 29.

This matter was referred to United States Magistrate Judge Paul J. Evangelista, who, on February 10, 2026, issued a Report-Recommendation and Order ("Report-Recommendation"), recommending that Defendants' Motion be granted. Dkt. No. 32 at 17. Magistrate Judge Evangelista advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

2

to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* Neither party has filed objections.[2]

For the reasons stated herein, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations

---

[2] Plaintiff filed a letter with this Court that was docketed on February 19, 2026. Dkt. No. 33. In the letter, Plaintiff requests that the Court contact potential witnesses and provide an update on his filings but does not address the Report-Recommendation. *Id.* at 1-3.

omitted).  The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## III.  DISCUSSION

Because no party has filed objections, the Court reviews the Report-Recommendation for clear error.

Prior to challenging prison conditions in federal court pursuant to 42 U.S.C. § 1983, the Prison Litigation Reform Act ("PLRA") requires an incarcerated individual to first exhaust his available administrative remedies.  *See Ross v. Blake*, 578 U.S. 632, 635 (2016) (citing 42 U.S.C. § 1997e(a)).  Magistrate Judge Evangelista noted that while the PLRA requires exhaustion, a plaintiff need not exhaust his administrative remedies if those remedies are "unavailable" to him. Dkt. No. 32 at 10.  Magistrate Judge Evangelista further noted that *Ross* sets forth three circumstances in which such remedies are unavailable.  *Id.*  "First, an 'administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates.'"  *Id.* (quoting *Ross*, 578 U.S. at 633) (citing *Booth v. Churner*, 532 U.S. 731, 736, 738 (2001)).  "Second, 'an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use.'"  *Id.* (quoting *Ross*, 578 U.S. at 633).  "Lastly, administrative remedies are unavailable where 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'"  *Id.* (quoting *Ross*, 578 U.S. at 633).[3]

---

[3] Magistrate Judge Evangelista also noted that "[a]s exhaustion is an affirmative defense, a moving party bears the burden of proof that showing that a plaintiff failed to exhaust his administrative remedies, and in response, a plaintiff bears the burden of demonstrating either exhaustion or

Here, Magistrate Judge Evangelista recommends that the Court find that there is no genuine issue of material fact regarding Plaintiff's failure to exhaust his administrative remedies regarding the November 29, 2023 incident, and that Plaintiff's failure was not excused under the third exception outlined above. *See* Dkt. No 32 at 12.

First, Magistrate Judge Evangelista noted that Plaintiff does not dispute that he failed to exhaust his administrative remedies. Dkt. No. 32 at 12 (citing Dkt. No. 26). Instead, Plaintiff argues that his failure should be excused because the relevant administrative remedies were unavailable to him due to intimidation. *Id.*

Next, Magistrate Judge Evangelista found that Plaintiff had not provided any evidentiary support for the one allegation in his amended complaint that could be read to suggest intimidation, i.e., that "various other defendants" told Plaintiff that he "shouldn't have written them up," or told "Albany that [they] had no hot water for 3 weeks." Dkt. No. 32 at 12 (citing Dkt. No. 11 at 6). Magistrate Judge Evangelista noted that Plaintiff did not allege that either Defendant Schmid or Mantzouratos made these statements or provide any further explanation as to what "writing up" jail staff or complaining to "Albany" for lack of hot water meant. *See id.* More importantly, he found that the record evidence demonstrates that Plaintiff had filed two grievances during his incarceration at Delaware County Jail, but neither of them were against Defendants, nor did they complain about hot water. *Id.* (citing Dkt. Nos. 29-7, 29-8).[4]

---

unavailability. *Id.* at 11 (citing *Booker v. Flint*, No. 9:22-CV-600 (AJB/DJS), 2025 WL1663999, at *3 (N.D.N.Y. June 12, 2025)).

[4] One grievance requested that Plaintiff's teeth be pulled and complained of lack of access to sufficient dental care. That grievance did not name any staff members and, as a result of that grievance, the requested dental appointment was scheduled. *Id.* (citing Dkt. No. 29-7). The other grievance sought full access to outdoor recreation, named no staff members, and was resolved in a manner agreeable to Plaintiff. *Id.* (citing Dkt. No. 29-8).

In his opposition, Plaintiff makes further assertions concerning intimidation by Defendants, namely asserting that Defendants remarked during the alleged assault that it was payback for Plaintiff having filed grievances, and that they made clear references to Plaintiff's previously filed grievances against jail staff. *Id.* at 13 (citing Dkt. No. 26 at 2). However, Magistrate Judge Evangelista found that Plaintiff's arguments regarding the Defendants' statements during the alleged assault are nonspecific and do not raise more than a "generalized fear of retaliation." *Id.* at 14 (citing Dkt. No. 26). "'[A] generalized fear of retaliation' is 'insufficient as a matter of law to support a finding that the grievance process was unavailable to overcome [plaintiff's] failure to exhaust administrative remedies under the PLRA.'" *Id.* (quoting *Lucente v. Cnty. of Suffolk*, 980 F. 3d 284, 312 (2d Cir. 2020)). Plaintiff never asserted what Defendants specifically said or the specific grievances to which Defendants referred. *Id.* Moreover, Magistrate Judge Evangelista found that Plaintiff had not provided any evidence indicating that Defendants were aware of Plaintiff's previously filed grievances and, to the contrary, Defendants affirmed that they were unaware of Plaintiff's grievance history. *Id.* at 15. Additionally, the record evidence shows that neither of Plaintiff's previous grievances named Defendants or any other prison staff. *Id.* at 15-16.

Thus, Magistrate Judge Evangelista found that Defendants had met their burden to show that no genuine issue of material fact exists regarding plaintiff's lack of exhaustion, and that Plaintiff had failed to demonstrate that administrative remedies were unavailable to him. *Id.* at 16. Accordingly, he recommended that the Court grant Defendants' Motion and dismiss the case.

Finally, Magistrate Judge Evangelista recommended that the dismissal be with prejudice, given that Plaintiff's time to exhaust his administrative remedies has expired. *Id.*

Finding no clear error, the Court adopts Magistrate Judge Evangelista's recommendation to grant Defendants' Motion.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS**, that the recommendations in the February 10, 2026 Report-Recommendation, Dkt. No. 32, are **ADOPTED** for the reasons stated herein; and the Court further

**ORDERS**, that Defendants' motion for summary judgment, Dkt. No. 19, is **GRANTED**; and the Court further

**ORDERS,** that the Amended Complaint, Dkt. No. 11, be **DISMISSED with prejudice**; and the Court further

**ORDERS,** that the Clerk shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS**, that the Clerk serve this Memorandum-Decision & Order on parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: March 12, 2026
       Albany, New York

_____
Anne M. Nardacci
U.S. District Judge